THE STATE EX REL. KANSAS CITY PUBLIC SERVICE COMPANY v. EWING C. BLAND ET AL., Judges of Kansas City Court of Appeals.—30 S. W. (2d) 445.

Division Two, June 11, 1930.

*Charles L. Carr, E. E. Ball* and *Ben L. White* for relator.

*Harry G. Kyle* and *Walter A. Raymond* for respondents.

WHITE, J.—Certiorari to the Kansas City Court of Appeals. Rolley Grubbs was awarded a verdict in the Circuit Court of Jackson County against relator, Kansas City Public Service Company, for ten thousand dollars for personal injuries. There was a *remittitur* of four thousand dollars, and judgment rendered for six thousand dollars. The defendant, relator here, appealed to the Kansas City Court of Appeals where the judgment was affirmed. The facts regarding the injury are stated by the Kansas City Court of Appeals, as follows:

"The accident occurred in the northeast part of the city, near where Benton Boulevard, a north-and-south highway, intersects St. John Avenue, running east and west. Instead of meeting at right angles at the southeast corner of this intersection, the east line of

Benton Boulevard, beginning at a point about 90 feet south of the intersection, curves to the right, and meets the south line of St. John Avenue about the same distance to the eastward, thus making a long rounded arc or curb line with the points of tangent about 150 feet apart. A double-track street-car line runs westward on St. John Avenue to a point approximately opposite the north entrance of the alley east of Benton. At this point it turns diagonally to the southwest across the south sidewalk and across private property just within the curved curb line above referred to, and continues diagonally across Benton Boulevard to a right-of-way on the west side thereof, where it turns southward.

"At about 11:30 P. M. of the day in question plaintiff, with his wife and 12-year-old daughter, was returning home, from a visit with some friends, in a Ford automobile. They drove northward on Benton, across the diagonal street-car tracks on Benton, to St. John Avenue, and turned to the right around the curved intersection aforesaid, with the intention of traveling eastward on St. John Avenue. As they did so they saw a westbound street car approaching on the north track, about 140 or 145 feet away. Continuing eastward plaintiff was partially over the westbound track where it curves southwestardly across the south roadway of St. John, when his automobile was struck by the street car and overturned. Plaintiff's wife was thrown out on the ground, and he himself was pinned under the car until rescued by persons attracted to the scene. Both plaintiff and his wife sustained injuries which there was evidence to indicate were permanent."

The allegations of the petition and the evidence are set out tending to show the negligence of the defendant, relator, in failing to give warning or take other means of preventing injury after the motorman saw, or by the exercise of ordinary care could have seen, the peril in which the plaintiff was placed, in time to have avoided the collision. The case was submitted to the jury on the humanitarian rule.

The point complained of here as showing a conflict between the ruling of the Court of Appeals and this court appears in the argument of plaintiff's counsel quoted in the opinion, as follows:

" 'MR. KYLE: . . . Oh, Mr. White, where are your police?

" 'MR. WHITE: I object to that. There was a policeman there that reported this accident, but he is not our witness. I object to this argument as unfair. The police are as available to the plaintiff as to the defendant, and I ask the court to reprimand Judge Kyle for that argument.

" 'THE COURT: Mr. Kyle, don't speak of them as Mr. White's police.

" 'MR. KYLE: Then our police. You know that if Mr. Grubbs had been drunk, the police would have known it, and the police would have been here. Only the record—

" 'MR. WHITE (interrupting): I object to that. That is an improper argument, and Judge Kyle knows it, and I ask the court to reprimand him for that statement.

" 'THE COURT: For what?

" 'MR. WHITE: Judge Kyle has no right to refer to witnesses just as available to him as to us and comment on their absence. It is improper, and I ask he be reprimanded.

" 'THE COURT: I think you are wrong.

" 'To which action, ruling and omission of the court the defendant then and there at the time duly excepted and still excepts.

" 'MR. WHITE: I object and except to the failure of the court to reprimand Mr. Kyle for that argument.' "

The Court of Appeals then commented upon that incident as follows:

"The language of the argument was unjustified by the evidence, but cannot be regarded as prejudicial."

I. It is claimed by relators that this ruling of the Court of Appeals is in conflict with the decision of this court in Atkinson v. United Railways Company, 286 Mo. 634. In that case we announced the general rule that no unfavorable comment may be made by counsel on account of the absence of a witness whose evidence is equally accessible to both parties. There one Dr. Bliss was appointed by the court on the application of the defendant and the comment was upon the failure of the defendant to produce him. It was noted that a physician appointed by the court was not a friend of either party and was appointed because he was unbiased. The case was reversed because of unfavorable comment made by the plaintiff's attorney on the failure of the defendant to produce the physician.

In the present case the above quotation from the record indicates that the defendant relied upon contributory negligence, and among other things, contended that the plaintiff was drunk when the collision occurred, and Mr. White, for the defendant, had indicated something of the kind. Mr. Kyle's remark merely suggested that a policeman was there, and if Grubbs had been drunk the policeman would have known it. The supposed drunkenness as evidence of the plaintiff's contributory negligence appears to have been a part of that affirmative defense. If he was drunk it was for the defendant to make proof. The objection to these remarks is that Mr. Kyle was referring to a witness as available to him as to the defendant. It was not necessary for him to prove that he was not drunk. The entire

colloquy indicates that there was no proof of drunkenness available, and the effect of the statement made by Kyle was that if the plaintiff was drunk there were witnesses by whom it could have been proved, and defendant did not produce them. For that reason it does not come within the rule laid down in the Atkinson case. If the defendant had introduced evidence tending to show that the plaintiff was drunk, then the evidence of the policeman would have been important for the defendant. As it was, the plaintiff had no use for the policeman. His evidence would not have been competent if offered.

II. There is. another reason why there is an absence of conflict with the Atkinson case. The court ruled that the language of Mr. Kyle was not justified, but that it was not prejudicial. We have recourse to the opinion to determine the reason for that ruling. An instruction was given by the court submitting the case entirely on the humanitarian rule. The instruction ends in this way:

"Then your verdict should be for the plaintiff and against the defendant, even though you find and believe from the evidence that the plaintiff and his said wife failed to exercise ordinary care for their own safety, if so."

Thus by that instruction contributory negligence of the plaintiff was excluded from the consideration of the jury. Therefore any reference to the supposed drunkenness of the plaintiff was irrelevant. The court's suggestion that the argument was unjustified by the evidence indicates that there was no defense upon the subject. Therefore the plaintiff's counsel went out of his way to his own disadvantage. The relator refers also to Monroe v. C. & A. Railroad Co., 297 Mo. 633, as being in conflict with the ruling. In that case the only consideration of the attorney's reference to the absent witness occurs on page 644. The opinion there states that the court should have sustained an objection to the remarks complained of, but it does not state that the error was reversible, and in fact the case was not reversed on that account. On the contrary the court, 1. c. 654, uses this language:

"The plaintiff's evidence establishes his contributory negligence and the demurrer to the evidence should have been sustained."

Thus the case turned entirely on the insufficiency of the evidence to make out a case. Further, two judges of this court concurred only in the. result reached, and three of the judges dissented. So the opinion is not an authoritative pronouncement in relation to the unwarranted remarks of the counsel in his argument.

We do not find that there is any conflict as claimed by relator. The writ improvidently issued is therefore quashed. All concur.