THE STATE EX REL. E. J. GILDAY v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—44 S. W. (2d) 57.

Division Two, December 1, 1931.

*Mosman, Rogers & Buzard* for relators.

*Henry S. Conrad, L. S. Durham, Hale Houts* and *Spurgeon L. Smithson* for respondents.

200

WHITE, P. J.—The relator, employed by Smith Brothers, Inc., while working in a tunnel was injured by an electric wire, and recovered judgment for $3,000 for the alleged negligence of the defendant in failure to have said wire sufficiently insulated. On appeal to the Kansas City Court of Appeals the judgment of the circuit court was reversed on the sole ground that the counsel for plaintiff in his closing argument made improper remarks to the jury. The matter is set out by the Court of Appeals in its opinion, as follows:

"The evidence shows that three doctors examined plaintiff, one of whom was Dr. Newman, who first examined plaintiff at the instance of his attorney, and afterwards examined him when he applied, in September, 1926, for a position with the Skelly Oil Company. Dr. Newman was employed by this company to examine applicants for positions with it. Two other doctors who examined plaintiff, one of whom was his regular physician, were produced as witnesses for him at the trial. Plaintiff failed to produce the testimony of Dr. Newman. This was a circumstance properly drawn to the attention of the jury by counsel for defendant. However, in his closing argument counsel for plaintiff stated as follows:

" 'Why, gentlemen, he says Dr. Newman knew about it. In all fairness, if he wants to be fair about it, I want to ask you who was better able to produce the evidence of Dr. Newman than the defendant.

" 'Mr. Smithson: Just a moment. This is objected to for the reason it is improper.

" 'Mr. Rogers: Well he spoke of it.

" 'Mr. Smithson: He was at least equally available to the plaintiff.

" 'The Court: Objection overruled.'

"An exception was saved to this ruling of the court. It is urged by the defendant that the court erred in permitting this line of argument. We think there is no question but that this point is well taken. Defendant was justified in bringing to the attention of the jury the failure of plaintiff to call one of his physicians, and no unfavorable inference could be drawn by plaintiff's counsel for the failure of defendant to call him. [Atkinson v. United Rys. Co., 286 Mo. 634; Murphy v. Tumbrink, 25 S. W. (2d) 133; Duncan v. City Ice Co., 25 S. W. (2d) 536.]

"After examining plaintiff Dr. Newman made a written report to his company as to the result of his examination, which was in accordance with the practice of the company. Upon objection of the plaintiff the court ruled out the report. In arguing the case counsel for defendant called the attention of the jury to the fact that Dr. Newman had examined plaintiff at the instance of his attorney. Counsel did not stop there, but argued that Dr. Newman had made another examination in September, at the time plaintiff applied for a position with the Skelly Oil Company, and stated that the evidence showed that plaintiff passed a satisfactory examination. As a matter of fact the evidence did show these things. Counsel for defendant argued that whatever the doctor might have found in September, if there was anything alarming about plaintiff's condition when the doctor examined him at the instance of his attorney, the doctor then would have discovered it; that Dr. Newman would not have been a partisan witness regardless as to the partisanship of the other doctors because he had no motive in falsifying in regard to his (plaintiff's) condition. Counsel argued that in examining plaintiff for the Skelly Oil Company Dr. Newman had no interest in the matter."

The Court of Appeals held that it was entirely proper for defendant's counsel to call attention to the failure of plaintiff to call Dr. Newman, but reversible error for the court to permit the plaintiff to reply to it in the way he did.

It will be noted from the excerpt that Dr. Newman made two examinations of the plaintiff: one when he was first injured in May, another one in September when he applied for a position with the Skelly Oil Company. Two doctors besides Dr. Newman who examined the plaintiff were produced by him at the trial, but he did not call Dr. Newman.

In the second examination Dr. Newman did not represent the plaintiff. So far as his discoveries at that time were concerned he was as available to the defendant as to the plaintiff. Defendant's counsel stated that Newman would not have been a partisan witness, and he had no motive to testify falsely in regard to the plaintiff's condition. It was entirely proper to call attention to the failure

of the plaintiff to produce Dr. Newman to testify as to the condition the Doctor discovered when he examined the plaintiff in the first instance, but it was highly improper for counsel to bring into his argument a reference to Dr. Newman's second examination.

Plaintiff's counsel then retorted: "Why, gentlemen, he says Dr. Newman knew about it. In all fairness, if he wants to be fair about it, I want to ask you who was better able to produce the evidence of Dr. Newman than the defendant?"

That retort could just as well refer to the second examination made by Dr. Newman as to the first. Evidence was introduced by the defendant to show that the plaintiff passed a satisfactory examination at that time, but the defendant did not call Dr. Newman who made that examination. The plaintiff might have passed a satisfactory examination for the position with the Skelly Oil Company, although still suffering from the effects of his injury and even though his condition might have showed that such injury was permanent. No one could better have explained that matter than Dr. Newman, according to the argument of the defendant's counsel, but defendant did not call him.

The situation was very little different from that in the case of State ex rel. v. Bland, 30 S. W. (2d) 445. In that case the defense was that the man injured was drunk and by that negligent condition got himself into danger. The police were present and knew whether or not he was drunk. The plaintiff in his argument, apparently in reply to the argument that the plaintiff was drunk, said, "Oh, Mr. White, where were your police?" That remark was objected to because the police were as available to the plaintiff as to the defendant. We held the remark was not improper because it was a reference to defendant's failure to produce evidence to sustain an affirmative defense, and there was no reason why plaintiff should call the witness.

The defendant here claims that the plaintiff was very slightly injured. Dr. Newman, who examined plaintiff several months after the injury, knew what his injuries were at that time; whether they were likely to be permanent. The defendant failed to produce him and had no right to complain that the plaintiff did not produce him for that particular examination. Defendant's counsel said Dr. Newman knew about it because he had examined the plaintiff twice and was disinterested. Dr. Newman naturally would know more about the effect and permanence of the injury on second examination. The retort, therefore, was allowable and did not justify reversal of the case. [Bobos v. Krey Packing Co., 19 S. W. (2d) 630; State ex rel. Meyer v. Daues, 285 S. W. 986; Miller v. Collins, 40 S. W. (2d) l. c. 1068.]

The rule is that counsel in an argument may refer to the failure of the opposite side to produce a witness under the *control* of that side because such witness is not equally accessible to the side which complains. This of course might apply to a physician, who in the ordinary sense is not under the control of his patient, because the communications between the two are privileged. That, however, could not apply to the examination of plaintiff made by Dr. Newman for the Skelly Oil Company in respect to which his testimony was as available to the defendant as it was to the plaintiff. Defendant's counsel, so far as the argument is set out in the opinion, made particular and pointed reference to that examination—an examination which would verify or modify the conclusions reached at his first examination. The trial court had before it the evidence and the entire argument and could appreciate the effect of the reference, and so far as the record here shows ruled correctly in allowing that retort. The opinion of the Court of Appeals is in conflict with the principle announced in the cases cited above.

The record is quashed. All concur.