E. J. GILDAY, RESPONDENT, v. SMITH BROTHERS, INC., APPELLANT.— 50 S. W. (2d) 191.

Kansas City Court of Appeals. May 23, 1932.

*Sylvan Bruner* and *Mosman, Rogers & Buzard* for respondent.

*Henry S. Conrad, L. E. Durham, Hale Houts* and *Spurgeon L. Smithson* for appellant.

BOYER, C.—This case reappears with a history written in Gilday v. Smith Brothers, Inc., 32 S. W. (2d) 118, and in State ex rel. Gilday v. Trimble et al., 44 S. W. (2d) 57. After the last decision and upon the urgent request of appellant the case was again placed upon the docket for resubmission. At the last presentation there was but one point made and that related to the propriety of the remarks of counsel for plaintiff in the closing argument. All other points originally made were waived and a purpose to abide the previous ruling upon them was verbally declared. The single point was argued and the case submitted. By a subsequent communication filed with the papers in the case and now before the court appellant calls attention to a recent decision of the Supreme Court (McCloskey v. Koplar, 46 S. W. (2d) 557), published after the submission of this case and which is said to change the rule heretofore adhered to rela-

tive to instructions on the burden of proof in a *res ipsa loquitur* case; and says that by the rule so declared in the last cited case the instruction in the present case heretofore considered and approved is in fact erroneous; and that this review should now be extended to include the point heretofore ruled adversely to appellant on the instruction and to change the ruling thereon to conform to the law as now declared.

The case at bar was tried on the 11th and 12th days of March 1929, and the instruction on the burden of proof then given was not contrary to, but was in accord with, the applicable rule of law then existing, and appellant so admits. The case to which our attention is called was decided by the Supreme Court January 4, 1932, and its effect is not retroactive. This review will be confined to a consideration of the only error complained of at the last submission. This for two valid reasons. First, after joinder in error on appeal no new point can be brought forward by appellant in reply brief or otherwise. [Jabin v. National Acc. Soc. of New York, 41 S. W. (2d) 874, 879; McConnon & Co. v. Kuhlmann, 220 Mo. App. 821, 825.] Respondent should be required to meet only the question urged on submission. [Stid v. Railroad, 236 Mo. l. c. 397.] Second, the error or lack of error must be determined according to the law at the time of trial. That which was right when done cannot be made wrong by a subsequent change in the law. The prescience of the trial judge as to what the law may be tomorrow is not his guide, but his duty and prerogative is to declare the existing law and administer it without regard to clairvoyance. To avoid error he is not required to foresee events and to declare the law according to anticipated mental complexes of the court of last resort at a near or distant day. If a rule be declared according to existing law at the hour of the declaration, can the court be put in error by a later change in the rule? Reason answers no, and so do the authorities. A statutory or judicial change of the law is prospective and not retroactive in effect and any such change subsequent to the trial of a case, which has been conducted according to law at the time, does not alter, benefit or harm the rights and interests of the parties to that action. [State ex rel. May Department Stores Co. v. Haid et al., 327 Mo. 567, 586, 38 S. W. (2d) 44, 53; Barlow v. Shawnee Inv. Co., 48 S. W. (2d) 35, 42.]

This review, therefore, will be directed to a consideration of the alleged error of misconduct in argument. Appellant strenuously contends that the ruling of the court on objection to remarks in the closing argument of the case was prejudicially erroneous. The argument said to be harmful to defendant referred to a Dr. Newman who had examined the plaintiff on two occasions. The first examination was made at the request of plaintiff's counsel in July following

the accident, and the second examination was made in September thereafter at the instance of the Skelly Oil Company to ascertain the physical fitness of the plaintiff to take employment with said company. Neither side called Dr. Newman as a witness. The petition alleged as a part of plaintiff's injuries that his heart, blood vessels, and blood circulation had been permanently weakened and impaired; and the medical evidence on behalf of plaintiff tended to show such resultant disability. Four doctors, one at the instance of defendant, had examined plaintiff. Plaintiff called as a witness his regular physician and also called a Dr. Burnett who examined plaintiff on different occasions prior to the trial. Defendant called the physician who had examined plaintiff at its instance.

The argument of defendant's counsel to the jury greatly minimized the heart affliction from which plaintiff was said to suffer; and counsel argued that it was an afterthought in the case; severely criticized the type of medical testimony furnished by plaintiff, and referred to the fact that plaintiff had been examined by Dr. Newman on the two occasions mentioned; that the doctor was aware of what his examination showed in July, and afterwards in September made another as examining physician for the Skelly Oil Company; that he was in full possession of the facts. Defendant's counsel said among other things: "Now, Gentlemen, doctors may be accused of being partial to their respective sides, but Dr. Newman making that examination down there for his company had no motive to falsify in regard to his condition." It was stated that Dr. Newman had no interest in the matter and that he passed the man as competent for the position. And in further commenting in reference to one of plaintiff's witnesses, defendant's counsel said: "And the only man out of all these doctors that finds anything so remarkable about the situation is this man Dr. Burnett. Gentlemen, you observed him upon the witness stand. You observed his demeanor and I think you saw and you know the type of damage suit doctor that he is. I think that was made apparent to you from his conduct if you don't know his history." Defendant's counsel then alluded to the fact that the claim for heart trouble was not originally in the petition, but was later supplied and said: "Now, gentlemen, the primary thing was forgotten, and I hazard the speculation unless old Dr. Burnett had come into the case that would never have been brought into the case."

Following this argument plaintiff's counsel addressed the jury, referred to the extent of the heart affliction with which plaintiff was suffering, and then the record shows the following of which complaint is made:

"MR. ROGERS: There is no denial of that fact because their own medical man said so. Why, gentlemen, he says Dr. Newman knew about it. In all fairness, if he wants to be fair about it, I want to ask you who was better able to produce the evidence of Dr. Newman than the defendant.

"MR. SMITHSON: Just a moment. That is objected to for the reason it is improper.

"MR. ROGERS: Well he spoke of it.

"MR. SMITHSON: He was at least equally available to the plaintiff.

"THE COURT: Objection overruled.

"To which action, order and ruling of the court the defendant then and there at the time duly excepted and still excepts.

"MR. SMITHSON: He was plaintiff's doctor and the confidential relation exists there.

"THE COURT: Overruled.

"To which action, order and ruling of the court the defendant then and there at the time duly excepted and still excepts."

There was no other objection, ruling or exception to argument of which complaint is now made.

It is contended by appellant that the foregoing argument contains an unfavorable inference against defendant because it failed to call Dr. Newman; that such argument was wholly unjustified as a retort or otherwise, and the ruling of the court permitting it was reversible error. Respondent contends that the argument was permissible under the circumstances as a provoked reply or retort to the argument of defendant's counsel in reference to Dr. Newman, and, in effect, that the evidence of Dr. Newman was in fact equally available to the defendant. The full argument of counsel for both sides is apparently set forth in the record, and all of it, of course, was delivered in the presence of the trial judge and he was better able to determine its full purport and effect than any other person. He overruled the objections made and we do not see any reversible error in such ruling. It is apparent from the quoted part of the record that the objection to the argument was based upon the ground that plaintiff should not be permitted to draw an unfavorable inference from the failure of defendant to call the doctor because "he was at least equally available to the plaintiff;" and because "he was plaintiff's doctor and the confidential relation exists there." The first reason for the objection was an admission of equal availability, and the second reason, under the evidence, was not well founded. Defendant's counsel referred to Dr. Newman as disinterested; in possession of all the facts, and as one who had "no motive to falsify;" intimated and left the jury to infer that other witnesses did have sinister motives and had falsified. His state-

ments carry the clear inference that if Dr. Newman had been called as a witness he would not have falsified, but given evidence that would have shown the injury as contended for by defendant. They also clearly imply that if plaintiff had called Dr. Newman he would have given testimony detrimental to the plaintiff and in conflict with the medical testimony offered by plaintiff which was characterized indirectly as false, and directly as coming from "a type of damage suit doctor" and from one having a history. Appellant insists that the argument of defendant's counsel was referable solely to the weight of the evidence in the case and that it was not a comment upon the nonproduction of Dr. Newman as a witness. It is possible to so interpret the argument, but it is also not only possible but most likely that a jury would understand the argument to mean that plaintiff should have called Dr. Newman in order to reveal all the facts, and that it imputed to plaintiff the nonproduction of a witness who would not falsify. If the witness was equally available, the imputation was improper.

In view of the plain implication contained in the argument offered by defendant we think it sufficient provocation for the statement of plaintiff's counsel in reply. To say that the evidence of Dr. Newman was equally available to the defendant was no more than defendant admitted to be true, and was a mild retort fully justified under the circumstances. Plaintiff called his own physician and another doctor who testified fully as to his afflictions, and thereby waived all question of privilege as to other similar testimony. The first examination of plaintiff by Dr. Newman was made at the request of plaintiff's counsel and at that time the confidential relation existed, but at the second examination there was no such relation. The examination was then made at the instance of the Skelly Oil Company whom Dr. Newman represented, and the testimony which he could have given from his full knowledge acquired at that time was not in the exclusive control of plaintiff, but it could have been produced with equal facility by the defendant. The comment of the Supreme Court in disposing of the case is applicable to the actual condition of the record as stated above. [State ex rel. Gilday v. Trimble et al., 44 S. W. (2d) 57, 59, and cases cited.] It results that the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.