**Elma SHEPHERD, Appellant,**

**v.**

**The CONSUMERS COOPERATIVE ASSOCI-ATION, a Corporation, et al., Respondents.**

No. 50337.

Supreme Court of Missouri,

En Banc.

Dec. 14, 1964.

Thaine Q. Blumer, Kansas City, Blumer & Wright, Kansas City, of counsel, for appellant.

Sylvester Powell, Jr., Kansas City, Heilbron & Powell, Kansas City, of counsel, for defendant-respondent.

DALTON, Judge.

This cause, originally assigned to Division Two of this Court, was docketed for hearing at the January Session, 1964, but, after briefs were filed, the cause was transferred on the Court's own motion, without opinion, to Court en Banc, where it was subsequently argued and submitted.

The action is by a wife for $50,000 damages for loss of consortium caused by the alleged negligent injury of her husband by the defendants on February 19, 1960, as the result of an automobile collision. The action was instituted in the Circuit Court of Clay County on April 16, 1963.

The trial court sustained defendants' motion to dismiss plaintiff's petition on the ground that the petition failed "to state a cause of action entitling plaintiff to the relief prayed for." For proper terminology see Supreme Court Rule 55.33, V.A.M.R. or Section 509.300 RSMo 1959, V.A.M.S. Plaintiff has appealed and here contends that, "The Court erred in dismissing plaintiff's petition because plaintiff has a legal cause of action for the loss of services causing damages to her as a result of injuries to her husband, which cause of action is not barred by release or previous litigation between defendants and plaintiff's husband." As appellant, she relies upon the case of Novak v. Kansas City Transit, Inc., Mo.Sup., 365 S.W.2d 539. The opinion in that case was prepared and adopted in Division No. 1 on November 14, 1962, and, thereafter, transferred on the Court's own motion to Court en Banc, where it was again argued and submitted and the mentioned opinion was adopted on March 11, 1963, as the opinion of Court en Banc.

Defendants' motion to dismiss plaintiff's petition, after a brief statement of facts, recited "that a recent decision by the Missouri Supreme Court, in the case of Novak vs. Kansas City Transit Company allowed a wife to sue for loss of husband's services," and further alleged that the Novak case "is not applicable to this case and is distinguished in the suggestions filed herein and attached hereto."

We need not here review the detailed allegations of plaintiff's petition except to say that it alleged that plaintiff's husband was injured by the negligence of the defendants, specific negligence being alleged; and that, by reason of the injuries inflicted upon her husband to the extent detailed in her petition, she had "been caused to suffer the loss of the society, consortium, companionship, love, affection and support of the said James S. Shepherd, her husband; that she has been damaged thereby in the sum of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS."

Defendants' motion to dismiss plaintiff's petition further alleged that plaintiff sought to recover damages sustained by her as the direct result of the injuries sustained by her husband on February 19, 1960, in the automobile collision alleged in her petition; and that on January 24, 1961, her husband had instituted a suit against defendants for $100,000 damages for personal injuries alleged to have been sustained by reason of defendants' negligence (a copy of the husband's petition being attached); that the cause was tried for three days in the Circuit Court of Clay County; "that prior to closing arguments to the jury, James S. Shepherd's case was settled for the sum of $16,000.00; that at said time a stipulation for dismissal dismissing said cause against the defendants with prejudice was signed and filed with the Court; that photostatic copies of the release, marked Defendant's Exhibit B, and of the stipulation for dismissal, marked Defendant's Exhibit C, are attached herewith and made a part hereof.

Affidavit marked Defendant's Exhibit D is attached and made a part hereof."

Other grounds stated in defendants' motion to dismiss plaintiff's petition were as follows:

"4. That at the time the settlement was agreed upon between James S. Shepherd and the defendants, the law in Missouri prohibited a suit by the wife for loss of her husband's services because of injuries sustained by him in an automobile accident; that the decisions of the Court of Appeals and the Supreme Court at that time stated that a wife had no separate cause of action, the entire right of damages being considered in the husband and a settlement with the husband had always been recognized as closing the entire incident; that because of said decisions, these defendants did not obtain the signature of the wife on the release, nor was her name included as a payee on the draft, but it was the intention of all parties at that time that the entire litigation be finally disposed of.

   \*    \*    \*    \*    \*    \*

"6. That to allow recovery in this case would be to allow plaintiff double damages, as the items prayed for in her petition for damages were considered by the parties in arriving at the amount of the settlement; it would also encourage the litigation of old lawsuits where a release was not obtained from the wife and where the statute of limitations has not tolled."

The transcript fails to show that any evidence was offered in support of defendants' motion, but the facts upon which defendants relied to support their motion to dismiss are not in dispute, nor are the facts in dispute upon which appellant now relies in support of her assignment of error on this appeal. In such situation only issues of law are for consideration.

The respondents, under Points and Authorities in their brief, insist that the trial court did not err in sustaining defendants' motion to dismiss, because a suit by a wife for loss of her husband's services is not permissible where the husband's personal injury suit was settled prior to the Novak decision. The only other matter presented for consideration is a request that the Court should reconsider the ruling in the Novak case and refuse to follow it.

■ Considering the last point first, we find no sound basis for a reconsideration of the conclusions reached in the Novak case. The opinion in question was carefully prepared by a well qualified commissioner with wide experience in the practice of law and as a commissioner on this Court. The opinion further had the concurrence of the other two commissioners in Division No. 1, who heard all arguments and fully considered the issues presented. The case was also fully considered by the duly elected, qualified and acting judges of this Court sitting in Division No. 1, each of said judges having heard the arguments and having independently made their own investigation of the record and issues presented. Thereafter, the opinion was adopted by the unanimous vote of the judges sitting in Division No. 1 and the cause was then transferred to Court en Banc, where it was again docketed, argued and submitted and a dissent was prepared, circulated and considered. Thereafter, by the majority vote of the judges of this Court, sitting in Court en Banc, the opinion of Coil, C., was adopted as the opinion of the Court. It is true that it appears from the record that three other duly elected, qualified and acting judges of this Court dissented and their views are expressed in the dissenting opinion prepared and submitted by Eager, J.

Respondents further cite and rely upon a prior opinion of this Court en Banc in the case of Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A.L.R. 1320, adopted on December 19, 1918, but even in that case the majority opinion written by Woodson, J., had the concurrence of only three judges, and a concurrence in the result by another judge, while two judges dissented. A well-

reasoned dissenting opinion was prepared and filed in that case to evidence the views of the two dissenting judges.

While the views of the dissenting judges in the Novak case may not have changed, nevertheless it now appears that a majority of the present Court still supports the views expressed in the opinion of Coil, C., in the Novak case, and nothing would be gained by writing another opinion to express the same views expressed in that opinion, hence we re-affirm the decision in the Novak case. In this connection reference may be had to the opinion in State ex rel. Keeling v. Randall et al., Mo., 386 S.W.2d 67 and to Supreme Court Rule 66.01 [c], adopted on November 16, 1964, effective July 1, 1965.

We now consider the further issue presented by respondents, to wit, that the Novak opinion does not rule the issues here presented, because the husband's personal injury damage suit was settled prior to the decision in the Novak case.

As stated, the case of Novak v. Kansas City Transit, Inc., supra, 365 S.W.2d 539, was decided by Court en Banc on March 11, 1963. Appellant's husband in the present case was injured February 19, 1960. He instituted his action for damages for personal injuries against respondents herein on January 24, 1961 and the cause was settled by the payment to him of $16,000 on May 17, 1961, at which time the plaintiff therein executed a full release of all claims on his own behalf and signed a stipulation for dismissal of his suit.

On July 16, 1963, the trial court in the present case heard defendants' motion to dismiss plaintiff's petition herein for loss of consortium by reason of the injuries to her husband by defendants' negligence. The trial court sustained the motion and dismissed plaintiff's suit on July 16, 1963, which was subsequent to the final decision of the Court in the Novak case.

Respondents' detailed argument in support of their contention that plaintiff's suit for loss of consortium (because of physical injuries inflicted upon her husband by reason of defendants' negligence) should not be sustained in this case, where the husband's suit for personal injuries was settled by the defendants herein prior to the Novak decision, must be denied. Respondents' argument is as follows:

Respondents insist that the precise question involved on this appeal was not decided in the Novak case; that it is not necessary to overrule the Novak case in order to affirm the ruling of the trial court in dismissing plaintiff's petition in this case; and that this case differs from the Novak opinion in one very important respect, to wit, that the defendants paid $16,000 to appellant's husband on May 17, 1961, in settlement of all claims for personal injuries. Respondents further insist that they relied upon the law as stated in the case of Bernhardt v. Perry, supra, and that "our whole system of jurisprudence is based upon the fact that we should and do rely upon the law as stated by our highest court." Respondents also cite Stout v. Kansas City Terminal R. R. Co., 172 Mo.App. 113, 157 S.W. 1019, and Gambino v. Manufacturers' Coal & Coke Co., 175 Mo.App. 653, 158 S.W. 77, opinions of the Kansas City Court of Appeals and the St. Louis Court of Appeals which reached the same result as the majority opinion in the Bernhardt case, but they are not mentioned therein. They are mentioned at the close of the dissenting opinion in the Bernhardt case.

Respondents concede that they did not obtain appellant's signature to the release executed by her husband, but say that was "because on that date she had no separate cause of action." Respondents further insist that they paid the $16,000 to appellant's husband "intending thereby that all litigation arising out of that particular collision be settled"; and that they were justified in relying upon the then existing law as declared by this Court, in an en banc decision. Respondents further argue that it is possible some lawyers, in reliance upon

the Bernhardt decision, may have destroyed statements, photographs and other exhibits pertaining to cases that were disposed of by settlement with husbands and releases executed by the husbands without releases from the wife, and that they may now be confronted with new cases. All of this may be true but it is not decisive of the issues here presented.

As stated, respondents take the position that the wife has been given a property right where heretofore none existed, and that the defendants have been deprived of one. Respondents ask us to clarify or modify our previous ruling so that it will not be applicable to a situation where the defendant has already paid money and obtained a release from the wife's husband, prior to the Novak decision. They insist that this Court should hold the Novak decision to be prospective only; and that it be applied only in cases arising on or after the Novak decision was published "in the advance reports." Respondents cite Moore v. Ready Mixed Concrete Co., Mo.Sup., 329 S.W.2d 14, 24[7]; Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193; State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 38 S.W.2d 44, 53[10]; and Gilday v. Smith Brothers, 226 Mo.App. 1246, 50 S.W.2d 191. We think these cases may easily be distinguished from the facts presented in the present case, since each case deals with procedural, rather than substantive matters, except the Gilday case which in effect was overruled in Lober v. Kansas City, Mo.Sup., 74 S.W.2d 815, 826 [15]. Respondents further insist that a statutory or judicial change of law is prospective and not retroactive in effect, and any such change subsequent to the trial of a case, which has been conducted according to the law at the time, does not alter, benefit or harm the rights and interest of the parties to that action. Gilday v. Smith Brothers, supra.

Respondents also argue, on the basis of the Bernhardt v. Perry case, that to permit a recovery by the wife against the same wrongdoer for the damages that she has sustained *by reason of the same injuries her husband had recovered for* would be granting double compensation to the plaintiff as against the defendants in the case, and they also insist that even under the Married Women's Act, Sections 451.250–451.300 RSMo 1959, V.A.M.S. there are no actual services of the husband to which the wife is entitled, except the fact that he is obligated to support her and that since the husband may recover for any injuries sustained, his obligation to support his wife may be fulfilled from the recovery granted the husband.

It is apparent that this latter argument is based on the theory that the husband's only marital duty is to support his wife and the argument does not mention or deal with other rights to which a wife is entitled, growing out of the marriage relation, as may be suggested by a review of the allegations made in the wife's petition as set out in the opinion in Bernhardt v. Perry, supra, 208 S.W. 462, 464, as follows:

"That by reason of said injuries inflicted upon said Bernhardt as aforesaid, and as a direct result thereof, plaintiff Emma Bernhardt has been damaged in the following particulars, to wit:

"She has lost a great amount of sleep in worry and anxiety on account of the physical condition of her said husband and in watching over him and caring for him; she has been caused great worry and anxiety by reason of the fact that her husband is incapacitated so that he will never be able to engage in his usual occupation; that she has suffered on account of the inability of her said husband to have and enjoy the ordinary and customary use of his feet and limbs and other vital parts and organs of his body and that she will suffer in the future in this respect; that by reason of the physical and mental condition of her said husband she has suffered in mind and body and her health and strength impaired and her nervous system greatly shocked and undermined; that she has been denied

care, protection, consideration, companionship, aid, and society of her said husband which he would have rendered to her had such injuries not occurred, and that in the future she will be denied the same; that she has been denied the pleasure and assistance of her said husband in escorting her to places of amusement and in visiting friends and relatives, and will for all time to come be compelled to forego the same; that she has been required to remain at home for long periods of time and to deny herself to friends and relatives, and will for all time to come be much confined to her home and be required to deny herself to her friends and relatives; * * *."

■ We are unable to understand how payment to the husband for his personal injuries and damages could be considered compensation to a wife for such losses and damages as she may have sustained in her personal capacity as the wife of the injured party. We think that she is entitled to recover for her injuries and damages as authorized in the Novak case.

■ Concerning the proposition as to whether the decision in the Novak case should be given retroactive or prospective effect, the applicable rule is well stated in the case of Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371, 377[10], where the Court said: "Our rule is that if the overruled decision is one dealing with a rule of procedure, that is, procedural or adjective law, then the effect of the subsequent overruling decision is *prospective only;* but if the overruled decision is one dealing with substantive law, then the effect of the subsequent overruling decision is retroactive. [Citing cases.]

"Adjective or procedural law is a 'method provided by law for aiding and protecting defined legal rights, procedure; the law which prescribes the method of enforcing rights or obtaining redress for their invasion.' 1 C.J., p. 1197. 'Substantive law is that part of the law which creates, defines and regulates rights, as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion.' 36 C.J., p. 963; Maurizi v. Western Coal & Mining Co., 321 Mo. 378, 11 S.W.(2d) 268, loc. cit. 272. The distinction between substantive law and procedural law is that 'substantive law relates to rights and duties which give rise to a cause of action,' while procedural law' is the machinery for carrying on the suit.' "

And see Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S.W.2d 519, 524 [3–5], where this Court said: " * * * we have heretofore held that, when a decision overruling former decisions effects a change in the construction of a statute relating to procedure or some theretofore established rule of procedure, such new statutory construction or rule shall operate prospectively only and does not affect proceedings had prior thereto in conformity with the former construction of the statute or announced rule of procedure, but where, as in this case, former decisions are found to have approved an incorrect rule of general or substantive law, we have, in overruling such former cases, applied the correct rule in the case in which it is announced, and in doing so made it retroactive in effect, and have thereafter applied the correct rule in all cases coming before us, though in doing so it operates retroactively. * * * In matters of general law, former cases are overruled because the ruling therein never was the law and the case in hand is decided the same as if such overruled case had never been written. Such has been our constant practice, as the published reports show * * *."

Since the matter of a wife's right to recover for her own personal damages resulting from the negligent infliction of injuries upon her husband involves a matter of substantive law, the contentions of respondents must be overruled and those of the appellant sustained.

The judgment is reversed and the cause remanded.

HYDE, HOLMAN and HENLEY, JJ., concur.

EAGER, C. J., dissents in separate opinion filed and concurs in separate dissenting opinion of STORCKMAN, J.

STORCKMAN, J., dissents in separate opinion filed.

LEEDY, J., dissents and concurs in separate dissenting opinions of EAGER, C. J., and STORCKMAN, J.

EAGER, Chief Justice (dissenting).

I dissent for all the reasons stated in my dissent in Novak v. Kansas City Transit, Inc., Banc, Mo., 365 S.W.2d 539. Nothing has occurred since to change my views. The creation of such causes of action as this has, in large part, forced this Court to amend its Rule 66.01 dealing with the consolidation of causes by adding a paragraph "(c)" requiring that suits for loss of services and consortium shall be filed jointly with the original action of the other spouse for his or her personal injuries. This amendment may help to some extent in restricting a duplication of damages but, in my opinion, nothing can completely remedy the chaos or eliminate a serious likelihood of duplication. Consequently, I dissent.

STORCKMAN, Judge (dissenting).

On March 11, 1963, this court en banc by a divided court adopted an opinion in Novak v. Kansas City Transit, Inc., Mo., 365 S.W.2d 539, which overruled prior decisions of this court and created a cause of action in favor of a wife for loss of consortium caused by the negligent injury of her husband. Three members of this court (of which the writer was one) joined in a dissenting opinion which urged that the creation of such an action was not justified by the Married Women's Act and was also contrary to the public policy of the state as expressed in the Workmen's Compensation Act which does not recognize consortium as an item of compensation for either spouse. The dissenting opinion further urged that the abolition of the husband's action for consortium would be more consistent with the intent and purpose of the Married Women's Act because either injured spouse can now sue for and recover all proper items of damages in his or her own name. The cases which have appeared in this court indicate that the offspring, with the encouragement of Novak, is likely to become as numerous and sizeable as the parent action. I still believe that Novak is unsound and that all proper damages could be recovered under existing remedies and procedures.

Since the opinion was adopted, events have occurred which further demonstrate the unsoundness of the Novak decision generally and particularly as a rule of law to be applied in this state. The purpose of this dissenting opinion is to call attention to these additional factors.

On November 25, 1963, the Supreme Court of New Mexico in the case of Roseberry v. Starkovich, 73 N.M. 211, 387 P.2d 321, considered the question and held that a wife had no cause of action for loss of consortium. The Novak case is cited among the cases from states following the minority rule. The Supreme Court of New Mexico concluded that the majority of the states adhere to the rule denying a right of recovery. In a comparatively brief, unanimous opinion, the Supreme Court of New Mexico lists various state decisions, considers the views of text writers, and the arguments for and against the maintenance of such an action. The opinion comments on the "uncertain and indefinite nature of a wife's claim for negligent interference with her right of consortium", the "possibilities opened for double recovery if the right is recognized", and the "great weight of authority developed since 1950". We will not undertake to discuss the opinion further but approve and adopt it by reference as a part of this dissent.

In answer to the argument that a consortium action results in an overlapping of benefits and a double recovery of damages, the Novak opinion states, 365 S.W.2d 544: "Such result may be avoided by delineating accurately the items properly includable in the husband's damages and by permitting the wife in her separate action to recover for the loss of only those elements of consortium which, under the facts of a particular case, represent separate and distinct losses to her."

In 1964 this court gave final approval to Missouri Approved Instructions which are to be effective January 1, 1965. The only measure of damage instruction relating to personal injuries and property damage is 4.01 which is as follows: "If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any [injuries and] damages you believe he sustained [and is reasonably certain to sustain in the future] as a direct result of the occurrence mentioned in the evidence." If we must have this type of action, I agree that the items of damage should be carefully delineated in the case of each spouse. But which admonition should be followed, the Novak decision or the Missouri approved instructions? Furthermore, so far as I have been able to discover, this court has not delineated accurately the items of damages in a consortium case and I doubt if it can be done so as to prevent double recoveries as contemplated by Novak. There is nothing in MAI–4.01 to prevent this happening.

An additional and independent reason why I cannot agree with the majority opinion is that it gratuitously purports to approve as "other rights to which a wife is entitled" allegations from the prayer of plaintiff's petition in the case of Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 464. At pages 639 and 640 the majority opinion copies from the pleadings as set out in the statement of facts in the Bernhardt case. But their propriety as elements of damages was not adjudicated. Including them in this opinion with apparent approval is likely to be misleading.

Furthermore, the resort to this method of defining consortium demonstrates the difficulty of doing so. In an annotation on loss of consortium in 23 A.L.R.2d 1378, 1380, it is stated: "Neither the courts nor the legal text writers are able to agree on a definition of consortium, and, while the former are almost unanimously agreed that the wife has no right of action for its loss through the negligent injury of her husband by a third person, the latter, with almost equal unanimity, feel that she should have such a right of action." Further on the same page, the annotator states that among the reasons assigned by the courts for denying a wife a right of action for negligent invasion of consortium are these: "that the action is based on the husband's right to his wife's services, whereas she has no corresponding right to his, and that no new rights were created by the Married Women's Acts, and, since the wife had no such action at common law, she still has none." Unless this court can succinctly define consortium and accurately delineate the items of damages, the trial courts and juries are going to be without the guidance to which they are entitled.

As predicted at the time the Novak opinion was adopted, litigation in this field has begun to flourish as indicated by the cases which have reached this court on appeal and otherwise. Some effort to prevent the load of the trial courts from being increased unduly is indicated by the adoption of S.Ct. Rule 66.01(c) referred to in the case of State ex rel. Keeling v. Randall, Mo., 386 S.W.2d 67.

My opinion that the creation of this new form of action is not justified and that fair and adequate compensation can be obtained under existing forms of action has not changed. Therefore, I respectfully dissent.