THE STATE ex rel. GEORGE A. CURRIER et al. v. VICTOR H. FALKENHAINER, Judge of Circuit Court.

In Banc, June 19, 1920.

1. **APPEAL BOND: Rule of Trial Court: Examination in Open Court: Directory.** The rule of the trial court required appellant, when offering an appeal bond, "to examine the persons proposed as sureties or otherwise to satisfy himself of their responsibility" and to give notice to the proposed sureties to "be present in court for examination." *Held*, that the rule is not in terms violative of the Constitution or statutes, but a literal conformity therewith by an examination in open court cannot be approved if it works a denial of justice. It is to be considered as directory, and any method of determining the qualifications of the proposed sureties, which is within the reasonable exercise of the court's discretion and which will not lessen the integrity of the judgment, should be pursued.

2. ———: ———: ———: **Affidavit: Technical Error: Right Conclusion.** Appellant filed an appeal bond signed by three sureties. Two of them appeared in court, according to notice, and were examined as to their qualifications. The other was at the time confined in a hospital because of an infectious disease, but his affidavit, in which was given the description of his real and personal property and its value over his liabilities, was filed by appellant. The court declined to consider the affidavit, because the rule required an examination in open court and ruled that the property of the other two sureties was insufficient. *Held*, that the exclusion of the affidavit was technical error; but an examination of its statements, together with the testimony of the other two sureties, shows that the three did not possess enough property above their liabilities to make the bond good and sufficient, and therefore the technical error did appellant no harm, and the trial court cannot be compelled by mandamus to approve the bond.

3. ———: ———: ———: **Mandamus.** Where the trial court has exercised its discretion, relief cannot be afforded by mandamus, unless there has been a palpably arbitrary exercise of the discretion in the very face of the law and the conceded facts; and though the trial court committed technical error, yet, if in view of the conceded facts it did not abuse its discretion, mandamus is not available.

### *Mandamus.*

WRIT QUASHED.

*Christian F. Schneider* for relators.

(1) This court has the power to issue a writ of mandamus in this case. Sec. 3, art. 6, Constitution; State ex rel. v. Grimm, 220 Mo. 483; State ex rel. v. Patterson, 207 Mo. 129; State ex rel. v. Smith, 172 Mo. 446, 619; State ex rel. v. Weeks, 93 Mo. 499. (2) The bond offered was sufficient. Secs. 2038, 2042, R. S. 1909. (3) Rule No. 40 of the St. Louis Circuit Court is null and void because it is in contravention of the provision of said Section 2040, because it shortens the time given defendant by said statute in which to give such bond and makes requirements in the giving of such bond not provided in said statute. Said rule is therefore "unconstitutional." State ex rel. v. Withrow, 133 Mo. 500; Pelz v. Bottinger,

180 Mo. 261; State ex rel. v. Cockrell, 217 S. W. 529. Under the law, the pleadings in this case, and the facts as shown herein, the peremptory writ of mandamus ought to issue directing the respondent to file, read and consider the affidavit of Stephen L. Smith, and to approve and order filed as a *supersedeas* bond herein the said appeal bond signed by the said relators as principals and said Smith, Houghton and Currier as sureties.

*Glen Mohler* for respondent.

(1) The St. Louis Circuit Court has the authority to adopt reasonable rules of procedure for the orderly conduct of its business. Mo. Constitution, art. 6, sec. 27; Sec. 3859, R. S. 1909; Rigdon v. Ferguson, 172 Mo. 49. (2) The construction of Rule 40 placed upon it by that court, and giving to the person in whose favor an appeal bond is to be given the right to examine the proposed sureties as to their solvency, will be adopted by this court as the true construction. Mutual Life Ins. Co. v. Board of Assessors, 56 Mo. 510; State v. Fenly, 18 Mo. 445; 1 Elliott's General Practice, sec. 189; State ex rel. v. Ellison, 267 Mo. 326. (3) The burden is on the proponents of an appeal bond to establish its sufficiency to the satisfaction of the court whose duty it is to pass upon it. 3 C. J. 1175; Hagerty v. Lierly, 109 Mo. App. 631. (4) An affidavit is inadmissible as evidence unless expressly authorized by statute. 2 Wigmore on Evidence, sec. 1384; Hudson v. Applegate, 87 Iowa, 605; Patterson v. Fagan, 38 Mo. 70; Hancock v. Whybark, 66 Mo. 672; Walsh v. Rogers, 13 How. 287; Pickering v. Townsend, 118 Ala. 351; Smith v. Feltz, 42 Ark. 355; Smith v. Weaver, 41 Pa. Super. 253; 2 Blackstone (Jones) p. 1983; 2 C. J. 373. (5) Rule 40 contravenes no law and is valid, and, as such, has the force and effect of law. Pelz v. Bollinger, 180 Mo. 252; Bank of Escondido v. Superior Court, 106 Cal. 43; Rigdon v. Ferguson, 172 Mo. 49; Brooks v. Boswell, 34 Mo. 474; 15 C. J. 904. (6) Mandamus does not ordinarily lie to control an inferior

court in the exercise of its judicial discretion. High on Extraordinary Legal Remedies (3 Ed.), p. 254; State ex rel. Heman v. Flad, 108 Mo. 614. (7) To pass upon the sufficiency of an appeal bond involves the exercise of judicial discretion, and unless it is charged and clearly shown by relators that the decision of the respondent is not in the exercise of good faith of the discretion vested in him, mandamus does not lie to compel him to accept the bond. State ex rel. Heckel v. Klein, 137 Mo. 673; State ex rel. Reifsnider v. Goldstein, 200 Mo. App. 60; Linderholn v. Walker, 102 Kan. 684, 171 Pac. 603; State ex rel. Hubbard v. Speer, 173 Pac. 955; United States ex rel. Beal v. Cox, 14 D. C. App. 368; 3 C. J. 1302. (8) The demurrer to the return admits all facts properly pleaded therein, *inter alia* that the proposed surety Smith has, prior to the hearing, become insolvent, and is not sufficient to become surety on the appeal bond. State ex rel. Taylor v. Moss, 35 Mo. App. 441; Moses on Mandamus, p. 214; State ex rel. Witmer v. Conrad, 147 Mo. 654; State ex rel. Fitzpatrick v. Myers, 80 Mo. 601; 26 Cyc. 466.

WALKER, C. J.—This is a proceeding by mandamus brought in this court to compel the respondent, a judge of the Circuit Court of the City of St. Louis, to file and consider an affidavit touching the qualifications as surety of the person therein named, on an appeal bond, and to require such court, if said bond is found otherwise sufficient, to approve same.

In a judgment rendered in said circuit court in favor of one Duncan S. Werth and against relators and others, the relators appealed to this court, the amount of the appeal bond was fixed and time was given within which to submit testimony as to the sufficiency of the sureties. Within the time fixed the relators gave counsel for the plaintiff notice that they would on a day named present to the court for its approval their appeal bond. Said notice contained the names of the proposed sureties, with their places of residence and

vocations, in conformity with rule numbered forty of said circuit court, which is as follows:

"Rule 40. In case of appeal from this court, it shall be the duty of any party in whose favor bond is to be given to examine the persons proposed as sureties or otherwise to satisfy himself of their responsibility. To this end the party offering such bond shall give the adverse party at least one day's notice in writing of the time when the persons proposed as sureties will be present in court for examination, and shall in such notice state the names, residence and occupations of such persons."

After the signing of said bond by the sureties and the giving of said notice, but before the day fixed for the presentation of the bond to the court, Stephen L. Smith, one of said sureties, became ill with an infectious disease, was removed to a hospital and could not be present in court at the time of the presentation of the appeal bond. Relators secured a sworn statement from him as to his age, residence and the description and value of his personal and real property over and above his liabilities. This affidavit was filed with the bond for the consideration of the court. An examination was made of the other two sureties as required by Rule 40. The court declined to consider the affidavit of the surety, Smith, as conforming to the requirements of said rule and held that the showing as to the property of the other two sureties over and above their liabilities did not authorize the approval of the bond, the amount of which had been fixed at $4000.

The discussion of other facts of more material relevance than the construction of the court rule quoted will suffice to determine the matter at issue. In passing, it may not be inappropriate to say that while this rule, in its terms, is not violative of the Constitution or our code of procedure, where, within a reasonable exercise of the court's discretion, another method than a literal conformity therewith will better serve to determine the pecuniary qualifications of sureties, without lessening the

integrity of the judgment, that course should be pursued; and no hard and fast adherence to the letter of the rule should regulate the examination of the trial court; but, while protecting the integrity of the judgment, it should see that the appellant is denied no opportunity to establish his right to the suspensive effect of a bond pending the appeal. In other words, that part of the rule requiring the personal presence of a proposed surety in court for examination should be held to be directory when such a holding will add to the opportunity of the appellant to secure a stay pending an appeal without proving inimical to the rights of the prevailing party. A rule should never be so interpreted or a law so construed as to work a denial of justice.

But, considering, as we premised, the more relevant facts, we find that the trial court carefully examined the other two sureties and found the aggregate amount of their property not sufficient to authorize an approval of the bond within the requirements of the statute (Sec. 2042, R. S. 1909).

That no injustice might be done to the appellants, the relators herein, we have examined the proof offered, including the affidavit to establish the pecuniary qualifications of the proposed surety, Smith. While the trial court rejected this testimony on account of the nature of same, which was a technical error, appellant was not thereby injured, as the proven value of this surety's property, with that of the others, was insufficient to afford that protection to the plaintiff which the law contemplates to authorize an approval of the bond. Aside, therefore, from the error noted, which, for the reasons stated, may be disregarded, the exercise of the court's discretionary power was necessary to a determination of the matter submitted, viz., the sufficiency of the sureties.

The statute (Sec. 2042) only defines the number of the sureties and fixes the amount of the bond, leaving the sufficiency of the former, so far as concerns their pecuniary qualifications, to the judgment and discretion of the trial court. Where, as here, that finding, after an oral

examination of the sureties, is adverse to their sufficiency, we will not disturb the same, especially so where our review of the facts confirms the conclusion that the decision was a rightful one. Where discretion has been exercised by a court, as in the instant case, we have refused to afford relief in the manner here sought to be invoked except where there has been a palpably arbitrary exercise of the discretion in the very face of the law and of the conceded facts. There is no room for the exception under the facts at bar. [State ex rel. Clark v. West, 272 Mo. l. c. 314 and cases; 26 Cyc. p. 217 and notes; 2 R. C. L. top page 116.]

From which it follows that our alternative writ should be quashed and it is so ordered. All concur; *Woodson, J.,* absent.