**STATE ex rel. Charles W. KEELING, Relator,**

**v.**

**Honorable Alvin C. RANDALL and Honorable John H. Lucas, Judges of the Circuit Court of Jackson County, Missouri, Respondents.**

No. 50852.

Supreme Court of Missouri,

En Banc.

Dec. 14, 1964.

Rehearing Denied Jan. 11, 1965.

Roy A. Larson, Jr., Kansas City, Sprinkle, Carter, Sprinkle & Larson, Kansas City, of counsel, for relator.

C. Thomas Carr, of Sheridan, Baty, Markey, Sanders, Edwards & Carr, Kansas City, for respondents.

HYDE, Judge.

Original proceeding in prohibition to prevent dismissal without prejudice of action by Patrick McNellis against relator for loss of his wife's services, which had been ordered consolidated with an action by his wife, Mary McNellis, against relator for personal injuries. After the cases were consolidated, Patrick McNellis filed a motion requesting the court to allow him to dismiss his action without prejudice; and the court indicated an intention to sustain this motion but withheld action so that defendant, relator herein, could make application for prohibition.

The question for decision is whether, at a time when an order of consolidation of two or more actions under Rule 66.01(b), V.A.M.R., is in effect, a plaintiff in one of the actions has the right to dismiss without prejudice. Our conclusion is that he does not have the right to do so after the order of consolidation has been made and while it remains in effect. We consider this to be the logical result of the principles established by our decision in State ex rel. Rosen v. McLaughlin, Mo.Sup., 318 S.W.2d 181, 68 A.L.R.2d 1366, involving consolidation of personal injury cases of four members of one family, riding in the same automobile which was struck from the rear by another automobile.

Rule 66.01(b) is: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Rule 67.01, on which respondents rely, states: "A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward."

■ These rules must be construed in harmony together. As to dismissal without prejudice, it has been said, "We think the law is well settled that the right to dismiss a cause of action without prejudice under section 510.130, V.A.M.S., is not an absolute right." Smith v. Taylor, Mo.App., 289 S.W.2d 134, 140; see also McClellan v. Sam Schwartz Pontiac, Inc., Mo.Sup., 338 S.W.2d 49. (Sec. 510.130, now Rule 67.01) Surely this should be true after cases have been consolidated. In the Rosen case, where the court making an order of consolidation of cases of four members of one family, included therein an order for completely separate trials in the cases it consolidated, we said: "The sustaining of the motions for consolidation, consolidated the four cases into one action. The court having validly exercised its discretion with reference to the facts and circumstances presented by the motions for consolidation could not immediately thereafter and on the same state of facts proceed to exercise his discretion and nullify the order for consolidation by ordering separate trials of the four cases. * * * The order for consolidation remained in effect and the order for separate trials in each case was a nullity and must be disregarded." (318 S.W.2d l. c. 185.) See also State ex rel. Buchanan v. Jensen, Mo.Sup., 379 S.W.2d 529, in which we prohibited enforcement of a claim in a separate action, which was required to be filed as a compulsory counterclaim under Rule 55.45.

■■ As said in Sec. 941, Federal Practice and Procedure, Barron and Holtzoff: "It is obviously in the interests of justice not to try issues piecemeal whenever it is reasonably possible to do otherwise." We consider this particularly applicable in husband and wife suits based on the same

single occurrence which are so necessarily interrelated and dependent. Therefore, this court has adopted an amendment to Rule 66.01, designated 66.01(c), effective July 1, 1965, requiring such suits to be enforced in one action brought by both spouses. (Based on Pennsylvania Rules 2228 and 2232, 12 P.S. Appendix.) Our ruling in this case is confined to the situation presented, in which one spouse has sued for personal injuries and the other for loss of services, and we hold that after such an order of consolidation has been made by the court and while it remains in effect, one plaintiff may not be allowed to dismiss without prejudice.

After the court has exercised its discretion in the interests of justice in making the order, which is most proper in such husband and wife cases, one plaintiff does not have the right arbitrarily to have it set aside, which would be the effect of the dismissal right claimed by the plaintiff in the case for loss of services. We do not doubt the authority of the court to set aside an order of consolidation, in the proper exercise of its judicial discretion on a sufficient showing that it would be in the interests of justice; but so long as it remains in effect the parties are bound by it and the court has no authority to allow a dismissal without prejudice by one party while the order of consolidation remains in effect. Otherwise consolidation could only be voluntary, depending on the desires of parties instead of on the exercise of judicial discretion by the court. However, we call attention to the authority of the court under Rule 72.01 to dismiss without prejudice if justice so requires, upon a motion for directed verdict, which provides a safeguard for rights of parties in case of unexpected developments in a trial.

Our preliminary rule in prohibition is made absolute.

All concur except HENLEY and HOLMAN, JJ., who dissent.