**Allen L. BUTCHER, Appellant,**

v.

**Olon O'CONNOR, Madeline Mary Politte, Now Madeline Mary Ratchford, and Hiram H. Main, Jr., Respondents.**

**No. 51412.**

Supreme Court of Missouri, Division No. 2.

April 11, 1966.

Carter, Fitzsimmons & Brinker, Paul E. Fitzsimmons and John G. Doyen, Clayton, for respondent Main.

STOCKARD, Commissioner.

In this action plaintiff Allen L. Butcher sought damages in the amount of $27,500 for alleged loss of services and consortium of his wife and for medical expenses incurred as the result of injuries sustained in an automobile collision. The trial court directed a verdict at the end of plaintiff's evidence as to defendants Olon O'Connor and Madeline Mary Ratchford, and there was a unanimous jury verdict in favor of defendant Hiram H. Main, Jr. Plaintiff has appealed from the ensuing judgment.

The collision occurred about 3:30 o'clock on June 18, 1960, on Highway 66 bypass, a north-south highway with four traffic lanes, two for traffic proceeding in each direction. Plaintiff's wife and the three defendants were each operating northbound automobiles in the lane next to the centerline. Mr. O'Connor was operating the first automobile, second was the automobile of Mrs. Ratchford, the third automobile was operated by plaintiff's wife, and the fourth automobile was operated by Mr. Main. Mr. O'Connor, called as a witness by plaintiff, testified that he stopped his automobile because two cars ahead of him had stopped, the lead automobile having its directional light on signaling for a left turn. The highway patrolman who investigated the accident testified that Mr. O'Connor told him that he was stopped in the center lane waiting to make a left turn. In either event, while stopped his automobile was struck from the rear by the automobile operated by Mrs. Ratchford. She testified that when she first saw the O'Connor automobile it was stopped or nearly stopped, and that after her automobile struck that of Mr. O'Connor, it was then hit from the rear by the automobile operated by the wife of plaintiff.

Before we set out the testimony of Mrs. Butcher, plaintiff's wife, we shall set forth

Sherman Landau, St. Louis, for appellant.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for respondent Olon O'Connor.

some background information. In her previously tried suit for her personal injuries she alleged in her petition that the O'Connor and Ratchford automobiles were stopped ahead of her, and that after her automobile "had been brought to a stop behind the automobile" operated by Mrs. Ratchford, her automobile was struck from the rear by the automobile operated by Mr. Main. In the previous trial the court directed a verdict for Mr. O'Connor and Mrs. Ratchford after the opening statement by counsel for Mrs. Butcher when he stated that her evidence would show that she "had ample time to apply her brakes and come to a slow gradual stop at a point about five or six feet behind [Mrs. Ratchford's] automobile, and she remained in the position for a period of about five to ten seconds according to her approximation, and all of a sudden she was struck violently in the rear" by the automobile operated by Mr. Main. See Butcher v. Main, Mo., 371 S.W.2d 203. In a deposition taken before the trial of her suit, Mrs. Butcher testified that the automobile of Mrs. Ratchford was "stopped ahead of me," that she brought her automobile to a complete stop with "probably five or six feet" separating her automobile and that of Mrs. Ratchford, that she brought her automobile to a gradual, slow stop and did not stop in a hasty or abrupt manner, and that she was stopped "something like" five or ten seconds before her automobile was struck from the rear by the automobile of Mr. Main. At the previous trial of her case she testified that she came to a "gradual" or "normal" stop behind the automobile of Mrs. Ratchford with "about five or six feet" separating the two automobiles, and thereafter the automobile of Mr. Main "hit me" from the rear.

In the petition in this case there is no allegation that Mrs. Butcher brought her automobile to a stop before being struck by the Main automobile. In the trial of this case Mrs. Butcher testified that at the time of the collision she "was slowing down" and the Main automobile "collided with mine, pushing my car forward" into collision with the automobile of Mrs. Ratchford. On cross-examination she stated that when she first saw Mrs. Ratchford's automobile it was "stopping" and she "must have been" going very slowly. She further stated that she planned to stop her automobile behind the automobile of Mrs. Ratchford, and that she had enough room to bring her car to a stop short of Mrs. Ratchford's car, that she had her car under complete control, but the only thing that prevented her from stopping was that she "was hit in the rear by Mr. Main's car." Her explanation of the change in her testimony was that "We have found that the other records show that my car was not completely stopped" when she was hit, and that "all of us sort of have afterthoughts of things that come out, and that's the only way I can explain it."

Mr. Main, called as a witness by plaintiff, testified first that he did not know whether Mrs. Butcher's automobile was moving when he struck it. He later said that "it seems it was still moving," but then subsequently he said that her car was stopped.

Plaintiff asserts that the trial court erred in directing a verdict in favor of Mr. O'Connor and Mrs. Ratchford. As to Mr. O'Connor he asserts that the evidence authorizes a finding that by bringing his automobile to a stop in a moving lane of traffic "just beyond the crest of a hill in the highway" he "negligently created a state of emergency." As to Mrs. Ratchford he asserts that there was "a submissible issue as to whether she had been following too closely behind the O'Connor automobile than was consistent with the exercise of the highest degree of care." In his brief he then makes this statement: "If [Mrs. Ratchford] had not collided with the O'Connor automobile, Mrs. Butcher would have been able to bring her automobile to a stop." In support of this statement plaintiff makes a reference to two pages of the transcript. The testimony on the cited pages may be summarized as follows: Mrs. Butcher testified that she was traveling ten or fifteen miles an hour with her automobile under control and with good brakes; that she saw the Ratchford automobile stopped ahead of

her and that she intended to stop behind and short of it; and that she had enough room to do so and could have done so safely except for the fact that she was hit from the rear by the Main automobile. We conclude that the above quoted statement in plaintiff's brief is not supported by the record.

Plaintiff places considerable emphasis on the fact that Mrs. Butcher testified in this case that she had not yet stopped when she was hit by the Main car, and thereby attempts to distinguish the facts of this case from the facts of his wife's case which resulted in a directed verdict in favor of Mr. O'Connor and Mrs. Ratchford. Whether she was stopped, as she unequivocally testified in the previous trial of her suit, or whether she was still moving according to her changed story in this trial, she has placed the sole responsibility for all the collisions in which she was involved on Mr. Main, and completely exonerated Mr. O'Connor and Mrs. Ratchford. There was no testimony disputing her version of the occurrence. Assuming negligence on the part of Mr. O'Connor and Mrs. Ratchford as asserted by plaintiff, the undisputed evidence offered by plaintiff is that Mrs. Butcher intended to and would have been able to bring her automobile to a gradual and normal stop without colliding with the automobile ahead, and that the proximate cause of her injuries is the fact that defendant Main's car collided with the rear end of her automobile. Butcher v. Main, Mo., 371 S.W.2d 203, 207; King v. Ellis, Mo., 359 S.W.2d 685. The trial court correctly directed a verdict for Mr. O'Connor and Mrs. Ratchford.

Plaintiff assigns as error several matters, each of which we have examined carefully and found to be totally without merit. However, as to one other matter we find reversible error, and therefore we need not discuss those non-meritorious matters.

■ Plaintiff asserts that the trial court erred "in approving the jury argument by counsel for defendant Main to the effect that plaintiff * * * was improperly attempting to secure 'double collection.'" He argues that there "was no genuine basis in the pleadings or the evidence for such charge." As previously noted, the wife's action for personal injuries had previously been tried, and the pending action was by the husband for medical expenses and loss of services. The difficulty in the trial of this case demonstrates the soundness of and the need for the amendment to Civil Rule 66.01, V.A.M.R., effective July 1, 1965 (but not applicable to this suit) requiring upon request of a defendant that suits by an injured spouse and by a spouse for loss of consortium or loss of service should be enforced in one action brought by both spouses.

In the argument to the jury by counsel for defendant Main, comment was made that "there is nothing but about sixty dollars damages he [plaintiff] actually suffered * * *." Reference was also made to plaintiff's contention that he had to stay away from his work, and to the contention of defendant Main that plaintiff's wife quit work after the accident because plaintiff had an increased income. The following then occurred:

"[By counsel for defendant Main] And I would like to point—direct your attention to another facet—you have heard us talking for three days here that we had another trial out in the County. This is a situation, I think, is a messy situation here. We tried a case of four days. This is the 8th day my client and these other people have been in court over this accident, but the first case was just for the injuries to Mrs. Butcher, and throughout the whole trial they had the same testimony you had. So, they expected by that, when that jury listened to it all to let her then collect—well, if you went to all of these doctors all this time * * * to collect for the doctor bills—and have a double collection. When this is all over, what did they do * * *

"Mr. Landau: Just a moment. If the Court please, I object to that. There is

no double collection. The wife cannot recover for own medical expenses.

"The Court: Overruled.

"Mr. Landau: My objection is to the double collection. It assumes that the wife had the right to recover for these elements that are vested in the husband.

"The Court: I overrule the objection. I have given the jury the instructions and * * *

"Mr. Fitzsimmons: (Continuing) You have heard the instructions, but you have had the same testimony out there, whether it's abstract theory * * * no double collection * * * she got up there and said the same thing October 1962—he got up there and said the same thing, and while in theory it was just for her injuries, they were trying to collect also, or, at least, give you, the jury, so you would be confused or have sand in your eyes, so they could collect for all the doctor bills and then they start all over here, and this is the action they call loss of consortion [sic] * * * the husband's loss of the companionship of his wife and his expenses, but what do they do? They go on and read and read and read. * * *"

The above argument is somewhat disconnected, but it is clear that the message to the jury was that after plaintiff and his wife had collected for the doctor bills in the first suit, they were seeking to collect for them again in the pending suit. This, of course, was not correct. When objection was made and the court had "the last statement" read back to him, and overruled the objection to the reference to double collection, there clearly occurred an expression of approval by the trial court to the message of the argument. This was then followed by a further reference by counsel to a previous collection of the doctor bills and then starting "all over" in the pending suit.

Defendant Main attempts to justify the above argument by extracting two isolated statements in which counsel said that "this is the action they call loss of consortion [sic] * * * the husband's loss of the companionship of his wife and his expenses * * * and so you won't forget—don't forget, all you are talking about is the husband's expenses. What expenses did he go to as far as what the husband's loss is * * *." Defendant Main also urges that the trial judge has a wide discretion in ruling on both the impropriety and prejudicial effect of argument of counsel, citing Butcher v. Main, supra, and Bertram v. Wunning, Mo.App., 385 S.W.2d 803, 808, and that the deference generally paid to its rulings by appellate courts should result in our declaring the argument not to be prejudicially erroneous.

■ ■ In determining the prejudicial effect of argument, it should be read in its entirety, and not just two isolated statements. It is true that trial courts do and should have a broad discretion in ruling on objections to oral argument, but that cannot be used to justify an argument to the effect that by the pending suit a "double collection" is being attempted when that is not a fact. While it is true that in one of the isolated statements relied on by defendant Main it was said that the jury was concerned only with the "husband's expenses," it was also argued to the jury, in effect, that there had previously been a collection of that part of the husband's expenses consisting of the doctor bills, and that in this suit an attempt was being made to collect for them a second time. "The field of argument to the jury is a broad one, but the law does not contemplate that counsel in argument may go beyond the issues and urge prejudicial matters, or urge a theory of claim or defense which the evidence does not justify or which conflicts with the trial court's instructions submitting the issues of a case." Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643, 648; Moss v. Mindlin's Incorporated, Mo., 301 S.W.2d 761, 766; McCandless v. Manzella, Mo., 369 S.W.2d 188, 191. In these circumstances we necessarily conclude

that plaintiff did not have that fair, impartial, and dispassionate consideration by the jury uninfluenced by improper argument to which he was entitled. See Dunn v. Terminal Railroad Association of St. Louis, Mo., 285 S.W.2d 701 at p. 709. The argument pertaining to double collection was improperly made and improperly approved by the trial court. We consider that it constituted error prejudicial to plaintiff.

The judgment is affirmed as to defendants O'Connor and Ratchford. As to defendant Main it is reversed and as to him only the cause is remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.