Barbara GARLAND, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, a Corporation,
Defendant-Respondent.

No. 9001.

Springfield Court of Appeals,
Missouri.

Oct. 5, 1970.

Thomas G. Strong, Lincoln J. Knauer, Jr., Farrington, Curtis & Strong, Springfiled, for plaintiff-appellant.

B. H. Clampett, Paul D. Rittershouse, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for defendant-respondent.

TITUS, Presiding Judge.

Joseph Garland and his wife, plaintiff Barbara Garland, were insureds of defendant American Family Mutual Insurance Company, whose policy afforded uninsured motorist coverage in the amount of $10,000.[1] Joseph figured in an automobile collision with an uninsured motorist and on November 14, 1968, he filed suit against defendant to enforce payment for his injuries. The case was set for trial for the "jury week" commencing August 11, 1969. On July 10, 1969, plaintiff received from defendant a written notice that pursuant to Rule 66.01(c)[2] her claim for the loss of her husband's consortium and services "must be enforced in [Joseph's] pending action" and that her claim therefor "shall be barred by your failure to join therein within thirty (30) days." Plaintiff did not join in her husband's suit which was ultimately tried on August 27–28, 1969, and resulted in an $8,500 verdict-judgment for him. Thereafter, on September 16, 1969, plaintiff filed this action against the defendant to recover $1,500 (the balance of the coverage) because of the alleged loss of her husband's consortium and services. Following developments which need not be detailed, the Circuit Court of Greene County entered summary judgment for the defendant (Rule 74.04) because of plaintiff's noncompliance with the notice. Plaintiff appealed and, in fine, her assignments seeking reversal and remand are [I] that Rule 66.01(c) does not apply to contract cases but only to those sounding in tort, and [II] that a defendant should be required to give the nonjoining spouse a timely and reasonable notice under Rule 66.01(c) before the pending suit is set for trial, otherwise a defendant may secure at least one continuance through the device of a tardy notice and thus thwart the purposes of the Rules of Civil Procedure, which were designed to eliminate "unjustifiable expense and delay." Rule 41.03.

Rule 66.01(c) states: *"Consolidation— Injury to Spouse.* If an injury, not resulting in death, is inflicted upon the person of one spouse, and causes of action therefor accrue to the injured spouse and also to the other spouse for loss of consortium and services, or either, they shall be enforced in one action brought by both spouses. The cause of action of a spouse so required to join in an action as a party plaintiff under this Rule shall be barred by failing to join therein after the defendant has given to such spouse thirty days' notice in writing of the pendency of the action and of the necessity to join therein; such notice shall be given either by personal service within or without the state and proof thereof by the return of an officer or by affidavit, or by the filing of a United States Post Office Registry receipt signed by such spouse. If such service cannot be obtained, then the Court may in its discretion stay the pending proceeding."

## [I]

Missouri's Constitution adopted in 1945 cast upon the Supreme Court the authority to "establish rules of practice and

---

1. For the general provisions of such coverage, see § 379.203, RSMo 1969, V.A.M.S.

2. References to rules are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

procedure for all courts." V.A.M.S.Const. art. V, § 5. Prior thereto, this prerogative was solely committed to the General Assembly. Since the Supreme Court has now been substituted for the General Assembly as the body to promulgate the Rules of Civil Procedure, it is not amiss that we employ the same canons of construction in ascertaining the meaning of the rules as we use in attempting to divine the purpose and cause for legislative enactments. State ex rel. R–1 School District of Putnam County v. Ewing, Mo.App., 404 S.W. 2d 433, 436(1). Of all the guides available, the most basic are that we determine the intention of the Supreme Court in making Rule 66.01(c) [Edwards v. St. Louis County, Mo. (banc), 429 S.W.2d 718, 722(5)], and construe it in the light of the existing and anticipated evils at the time the rule was ordered so as to promote the purposes and objects thereof. Mashak v. Poelker, Mo. (banc), 367 S.W. 2d 625, 626(1).

Although it is related that when the Supreme Court overrules a former decision it does so because the holding "therein never was the law" (Shepherd v. Consumers Cooperative Association, Mo. (banc), 384 S.W.2d 635, 640; Wilkinson v. Bennett Construction Company, Mo.App., 442 S.W.2d 166, 169), it nevertheless is a fact that until Novak v. Kansas City Transit, Inc., Mo. (banc), 365 S.W.2d 539, was decided in 1963, a wife could not successfully maintain a suit in Missouri to recover for the loss of consortium and services resulting from injuries to her husband negligently inflicted by a third party. Hodges v. Johnson, Mo.App., 417 S.W.2d 685, 691. Pre-Novak decisions, as well as the majority and dissenting opinions in Novak and Shepherd, attest that the predominate reasons for previously denying a wife such a cause of action had been the fear that "it would be virtually impossible to prevent substantial duplication and overlapping of damages in the two suits" and that the courts would be inundated with piece-meal litigation because "substantially all such suits by wives would be filed as separate and subsequent suits [3] in which they would hope for greater damages than if joined with the husbands' suits." Novak v. Kansas City Transit, Inc., supra, 365 S.W.2d at 547. The apparent and announced reasons given for promulgating Rule 66.01(c), effective July 1, 1965, were to allay these fears and overcome the "evils" wrought by endowing a wife with such a separate and distinct cause of action, witness: " 'It is obviously in the interests of justice not to try issues piecemeal whenever it is reasonably possible to do otherwise.' We consider this particularly applicable in husband and wife suits based on the same single occurrence which are so necessarily interrelated and dependent. Therefore, this court has adopted [Rule] 66.01(c) * * * requiring such suits to be enforced in one action brought by both spouses." State ex rel. Keeling v. Randall, Mo. (banc), 386 S.W.2d 67, 68–69(2). Also, "[t]his amendment [Rule 66.01(c)] may help to some extent in restricting a duplication of damages" and "[a]s predicted at the time the Novak opinion was adopted, litigation in this field has begun to flourish * * *. Some effort to prevent the load of the trial courts from being increased unduly is indicated by the adoption of * * * Rule 66.01 (c)." Shepherd v. Consumers Cooperative Association, supra, 384 S.W.2d at 641 and 642.

When plaintiff's husband sustained personal injuries because of the negligence of an uninsured motorist, two independent causes of action accrued against defendant under its policy; one was the husband's cause of action for his injuries, and the other inured to the plaintiff-wife for the loss of her husband's consortium and services. Cf. Robben v. Peters, Mo. App., 427 S.W.2d 753, 756(4). Although the present action is in contract and not in tort [Hill v. Seaboard Fire & Marine Insurance Company, Mo.App., 374 S.W.2d

---

3. Which is exactly what occurred in the instant case.

606, 611(10)], defendant was nonetheless only liable to plaintiff and her husband in such sums (not to exceed the policy limits) as the owner or operator of the uninsured automobile would be legally responsible to pay as damages [Noland v. Farmers Insurance Exchange, Mo.App., 413 S.W.2d 530, 532(2)], and, save for establishing that the involved motorist was uninsured, plaintiff and her husband in their claims against the defendant would have the burden of proof on the exact same issues as if their causes were being prosecuted in a tort action directly against the individual who was legally liable to them in the matter. Goodson v. M.F.A. Insurance Company, Mo.App., 429 S.W.2d 294, 300. The reasons which prompted the making of Rule 66.01(c), i. e., to diminish the possibility of duplicating and overlapping damages and to avert piecemeal litigation that would unduly burden the courts, are equally applicable whether husband and wife claims are exercised in tort or in contract. Rule 66.01(c) does not by its terms restrict itself to tort cases, and in our view the rule is applicable to and has equal force in all types of causes involving actions which accrue to spouses because of a direct injury to one and an indirect or derivative injury to the other.

## [II]

A direct injury to one spouse does not necessarily imply the other spouse has been damaged [Hopkins v. Mobile O. R. Co., Mo.App., 33 S.W.2d 1009, 1010(3)], and in some instances this may account for nonjoinder. However, if each spouse lays claim to a cause of action, the first sentence of Rule 66.01(c) mandatorily specifies that these rights "*shall* be enforced in one action brought by both spouses." (Our emphasis). The rule was adopted for the purpose of "requiring that suits for loss of services and consortium shall be filed jointly with the original action of the other spouse for his or her personal injuries." Shepherd v. Consumers Cooperative Association, supra, 384 S.W.2d at 641; State ex rel. Keeling v. Randall, supra,

386 S.W.2d at 69; Robben v. Peters, supra, 427 S.W.2d at 757. Contrary to plaintiff's argument, the initial joinder or nonjoinder of the spouses' claims in one action is their responsibility and something over which a defendant has no control. If one spouse fails for any reason to originally join in the suit when filed by the other, the immediate effect of noncompliance with the rule is not adverse to either. Should the spouses design to gamble against the rule and defendant gives the nonjoining spouse notice as provided in the penultimate sentence of Rule 66.01(c), then the spouse who alone commenced the action may expect and experience an undesired disruption in the normal progress of the litigation and the nonjoining spouse must either join in the pending suit within thirty days or suffer a bar to his or her cause of action. Were it not for such consequences which serve to enforce the rule, there would be little expectation for compliance and the "evils" Rule 66.01(c) was designed to correct and avoid would bloom unabated.

■ The only notice prescribed by Rule 66.01(c) is the one directed to the spouse absent as a party plaintiff from the pending suit. No notice to the spouse whose cause is already filed and pending is contemplated or required. In the situation presented, plaintiff ignored defendant's admonition regarding Rule 66.01(c) and her husband's suit was actually determined within its anticipated period of gestation without interruption by the notice. Consequently, it would seem that plaintiff's second point smacks of things which courts shy from with understandable regularity because they are academically moot. State ex rel. Weber v. Vossbrink, Mo.App., 333 S.W.2d 298, 301(1–3). Nevertheless, plaintiff belabors the assignment that because notice was given when her husband's case had been set for trial, this could have entailed a continuance or other delay in the pending suit had she elected to heed the notice and comply with the rule before it was deemed that her cause of action was barred. Plaintiff's speculative con-

cern with the possibility that defendant's notice to her could have worked to temporarily postpone the fulfillment of her husband's undertaking may be accepted as a colorable solicitude by a doting wife, but it cannot be ingested as a plausable legal excuse for her neglect to comply with Rule 66.01(c) in the first place, or atone for her refusal to conform with its plain requirements when called to her attention by defendant's notice. Due to the fact the notice was given in sufficient time to afford plaintiff the full thirty days granted by Rule 66.01(c) to join in the existing suit while it was still pending, it is difficult to comprehend why the notice, as it alone concerned the plaintiff, was not reasonable and timely. Regardless of when plaintiff might have decided to unite her claim with that of her husband, she would not have been given an instanter trial because defendant, in any event, would have been entitled to the time and procedures provided by rule and law to plead and prepare its defenses and some delay in the determination of plaintiff's cause was inevitable and necessary to the due process of justice. It seems, therefore, that no matter how plaintiff's argument is turned or viewed, it speaks to the fact that the notice, because of its timing in relation to when the husband's case was set for trial, would have been obnoxious solely to the husband if plaintiff had chosen to join in the fray. Furthermore, we cannot ignore the patent reality that the predicament presented was precipitated by plaintiff's failure to abide by Rule 66.01(c) in the beginning, and that any unjustifiable expense and delay that could have been incurred by the husband would have resulted, for the most part, from plaintiff's own doing. If one party cannot successfully complain of matters which do not injure his interests and only adversely affect a co-party [Dean v. Young, Mo., 396 S.W.2d 549, 558(13)], it is even more certain that a litigant in one case will not be permitted to benefit by some prejudice that could have only theoretically befallen a party in a wholly separate suit in which the complainant has re-

fused to join. "[A]s the point concerns [the husband] and his rights, he is not a party to this proceeding. Not being in court, appellant is not entitled on [her] appeal * * * to interpose the rights of [her husband], if any he have. * * * An appellant is not allowed two voices on appeal, one for [herself] and another for some party absent and not complaining. One voice is enough. It is only [uninvited] errors that affect appellant or plaintiff in error that are reversible, and courts lend an attentive ear to none other." In re Aiken, 262 Mo. 403, 412(1), 171 S.W. 342, 344(1).

Since plaintiff has not demonstrated in what manner defendant's notice was prejudicial to her, or shown by what authority any court could properly enlarge the time for commencement of her civil action [Rule 44.01(b)] in face of the unambiguous requirements imposed by Rule 66.01(c), the judgment of the circuit court is affirmed.

STONE and HOGAN, JJ., concur.

