Aleene **CLINE**, Appellant,

v.

**CARTHAGE CRUSHED LIMESTONE COMPANY**, a corporation, Respondent.

No. 57547.

Supreme Court of Missouri, Division No. 2.

Jan. 14, 1974.

John J. Kitchin, Kansas City, Donald W. Kennedy, Nevada, for appellant; Swanson,

Midgley, Eager, Gangwere & Thurlo, Kansas City, of counsel.

Karl W. Blanchard and Herbert Van Fleet, Joplin, for respondent; Blanchard, Van Fleet, Robertson, & Dermott, Joplin, of counsel.

HOUSER, Commissioner.

On November 26, 1971 Aleene Cline appealed from an order dismissing with prejudice her separate suit for $50,000 for loss of marital services and personal nursing care as a result of injuries suffered by her husband due to the alleged negligence of Carthage Crushed Limestone Company. Her husband had previously filed a separate suit for $250,000 damages against the limestone company; a suit in which she did not join as a party plaintiff. The limestone company's motion to dismiss was sustained on the ground that plaintiff's cause of action "is a derivative claim which [she] failed to join with a previously filed case concerning [her] husband." The court acted on the basis of Rule 66.-01(c), V.A.M.R., which provided as follows at the time of the alleged injuries to the husband on April 20, 1968:

"(c) * * * If an injury, not resulting in death, is inflicted upon the person of one spouse, and causes of action therefor accrue to the injured spouse and also to the other spouse for loss of consortium and services, or either, they shall be enforced in one action brought by both spouses. The cause of action of a spouse so required to join in an action as a party plaintiff under this Rule shall be barred by failing to join therein after the defendant has given to such spouse thirty days' notice in writing of the pendency of the action and of the necessity to join therein; such notice shall be given either by personal service within or without the state and proof thereof by the return of an officer or by affidavit, or by the filing of a United States Post Office Registry receipt signed by such spouse. If such service cannot be obtained, then the Court may in its discretion stay the pending proceeding."

It is conceded that there was no effort to enforce both causes of action in one action brought by both spouses, and that the limestone company defendant did not give Aleene Cline the 30-day notice referred to in the second sentence of paragraph (c).

The question is one of construction: whether the first sentence of paragraph (c) is mandatory or directory; whether willy-nilly it absolutely prohibits plaintiff from maintaining her separate suit, or whether she is barred therefrom only upon failure to join in her husband's suit after first receiving the thirty days' notice from the limestone company.

In the wake of Novak v. Kansas City Transit, Inc., 365 S.W.2d 539 (Mo. banc 1963), which authorized a wife to sue for loss of consortium and services resulting from injuries to her husband negligently inflicted by a third party, it was expected that numerous suits of this nature would be filed. If filed as separate suits it was predicted that this addition to the caseload would unduly burden the courts, and if the spouses' suits were separately tried there would be difficulty in preventing substantial duplication and overlapping of damages in the two suits. To meet these problems, i. e. to avoid piecemeal trial of interrelated and dependent issues with the possibility of duplicating and overlapping damages and to prevent the load of the trial courts from being unduly increased, this Court on November 16, 1964, effective July 1, 1965, amended Rule 66.01 by adding paragraph (c) above. Novak, supra, 365 S.W.2d l.c. 547; State ex rel. Keeling v. Randall, 386 S.W.2d 67, 68–69 [2] (Mo. banc 1964); Shepherd v. Consumers Cooperative Association, 384 S.W.2d 635, 641, 642 (Mo. banc 1964); Garland v. Ameri-

can Family Mutual Ins. Co., 458 S.W.2d 889, 891 (Mo.App.1970).

The intention of the Court at that time was to *permit* and *encourage* the two spouses to file a single suit to enforce their separate causes of action and, at the election of the defendant, upon giving the prescribed notice, to *require* this procedure. The Court's purpose in promulgating paragraph (c) was to make the joint filing permissive or directory as far as plaintiffs were concerned, but mandatory at the option of the defendant. Pursuant to this purpose and intent no sanction was provided for failure of one spouse to comply voluntarily with the procedure, but for failure of one spouse to join the other as party plaintiff *after notice was given* the cause of action should be barred. (If as respondent contends the first sentence mandatorily requires the derivative action to be enforced in one action brought by both spouses there would have been no reason to add the second sentence—under that interpretation the second sentence would have been superfluous.)

Respondent emphasizes the use of the word "shall" in the first sentence and the words "so required" in the second sentence. It was the use of these seemingly mandatory terms and the consequent need for clarification that prompted the Court to amend paragraph (c) on January 19, 1973 by changing the last portion of the first sentence (which read "they shall be enforced in one action brought by both spouses") to "they shall be enforced in one action by both spouses * * * if notice is given." (Rule 66.01(c) as thus amended, and as in effect since September 1, 1973, makes the joint filing procedure mandatory in two instances: (1) if notice is given, or (2) if both spouses have ever been co-parties in such action, and in these two instances only.)

The precise point raised on this appeal has not been before the Court previously, but it has generally been assumed by this Court that the procedure under Rule 66.01 (c) as originally promulgated was mandatory only if the notice was given. Thus, in Butcher v. O'Connor, 401 S.W.2d 490, 493 (Mo. 1966), reference was made to the amendment "requiring *upon request of a defendant* that suits * * *." (Our emphasis.) In Furlow v. Campbell, 459 S.W. 2d 284, 285 (Mo. 1970), reference was made to a "registered letter sent by defendant's counsel to plaintiff's husband to comply with Civil Rule 66.01(c), V.A.M. R., *requiring him to join within 30 days or be barred.*" (Our emphasis.) In Garland v. American Family Mutual Ins. Co., supra, 458 S.W.2d.1.c. 892, the court of appeals properly construed paragraph (c) to mean that if one spouse failed to join in the suit filed by the other "the immediate effect of noncompliance with the rule is not adverse to either,"[1] and that if the spouses "gamble against the rule [i. e., do not join in one suit] and defendant gives the nonjoining spouse notice as provided in the penultimate sentence of Rule 66.01(c), then * * * the nonjoining spouse must either join in the pending suit within thirty days or suffer a bar to his or her cause of action." On the same page the court of appeals makes the seemingly inconsistent statement that " * * * the first sentence of Rule 66.01(c) mandatorily specifies that these rights '*shall*' be enforced in one action brought by both spouses," and quotes from Shepherd v. Consumers Cooperative Association, supra, to the effect that the rule was adopted for the purpose of requiring loss of services suits to be filed jointly with the original action of the other spouse. This and other general references in other cases (in which the precise point was not in issue) indicating or implying that paragraph (c) requires such suits to be filed jointly, Robben v. Peters, 427 S.W.2d 753, 757 (Mo.App. 1968);

---

1. In other words, the nonjoining spouse is not absolutely barred from maintaining his or her separate and independent action.

Shepherd v. Consumers Cooperative Association, supra, 384 S.W.2d l.c. 641, or to be enforced in one action, State ex rel. Keeling v. Randall, supra, 386 S.W.2d l.c. 69, are to be read as requiring such joint filing or enforcement *only after the notice provided for has been given.*

This is not the first time a court rule written in mandatory language has been held to be directory only. In State ex rel. Currier v. Falkenhainer, 283 Mo. 203, 223 S.W. 100 (banc 1920), a circuit court rule requiring that a party offering an appeal bond *"shall give"* the adverse party at least one day's notice of the time when the persons proposed as sureties will be present in court for examination was held to be directory only because such a holding would assist appellant in securing a stay pending appeal, without proving inimical to the rights of the prevailing party. The court stated that "A rule should never be so interpreted * * * as to work a denial of justice." 223 S.W. l.c. 101 [1]. Considering the intention of the Court when paragraph (c) was first promulgated; the construction this Court has given paragraph (c) in the interim; that plaintiff will be denied her day in court if respondent's interpretation is adopted, and that the limestone company's rights have not been prejudiced (it had the right to compel joinder by giving the 30-day notice but failed to do so and thereby waived the right), we hold fast to the conclusion that the first sentence of paragraph (c) as originally promulgated was directory only and not mandatory.

Order reversed; cause remanded for further proceedings not inconsistent with this opinion.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.