Gracie DUEKER, Appellant,

v.

Marilyn ECKELKAMP, Respondent.

No. ED 85257.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 22, 2005.

Robert F. Garza, Union, MO, for appellant.

Nicholas G. Gasaway, Hillsboro, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Gracie Dueker appeals from the trial court's judgment dismissing her refiled petition for loss of consortium against the defendant, Marilyn Eckelkamp. Dueker argues the trial court erred in dismissing her refiled petition because Rule 67.01 permits her to dismiss without prejudice and refile her petition because her refiled petition is not "otherwise barred."

On July 5, 1996, Dueker's then husband, Todd Ruether ("Husband") was injured when the motorcycle he was operating collided with the automobile driven by the defendant. Dueker and Husband were divorced in November of 1999. In January of 2001, Husband filed a personal-injury action against the defendant seeking money damages as a result of the July 1996 accident. On May 14, 2001, the defendant gave Dueker notice pursuant to Rule 66.01(d) that she must join Husband's lawsuit within thirty days in order to assert any causes of action she may have against the defendant due to the injuries Husband sustained on July 5, 1996. On June 13, 2001, Dueker filed her application to join as a party plaintiff in Husband's pending lawsuit, along with a request for leave to file a loss-of-consortium claim, which was

granted. Husband then settled his personal-injury claim against the defendant and filed a stipulation for dismissal of his personal-injury action only. Dueker then dismissed her loss-of-consortium action without prejudice on September 23, 2002. She refiled her loss-of-consortium action against the defendant nearly a year later, on September 19, 2003. The defendant moved to dismiss the refiled petition, asserting it was barred under Rule 67.01 because Dueker had failed to enforce her rights in the same action as Husband, as required by Rule 66.01(d). The trial court dismissed Dueker's second action. This appeal follows.

Rule 66.01(d) provides in pertinent part as follows:

> If an injury not resulting in death is inflicted upon the person of one spouse, and causes of action therefore accrue to the injured spouse and also to the other spouse for loss of consortium or services or medical expenses, *they shall be enforced in one action by both spouses if they have ever been coparties in such action or if notice is given.*

(Emphasis added). *See Cline v. Carthage Crushed Limestone Co.,* 504 S.W.2d 118, 120 (Mo.1974)(holding "the joint filing procedure [is] mandatory in two instances: (1) if notice is given, or (2) if both spouses have ever been co-parties in such action, and in these two instances. only."). Rule 67.01 states in pertinent part, "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is *otherwise barred*."[1] (Emphasis added). The question before us, then, is whether, under the facts here, the refiled action is barred

---

1. In its entirety, Rule 67.01 states as follows: A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.

since the claims of Dueker and Husband were not, pursuant of the dictates of Rule 66.01, "enforced in one action." We hold that Dueker's refiled action is not barred because, after Husband settled his claim, Rule 66.01 has no further application.

First, Rule 66.01 should be construed "in the light of the existing evils at the time the rule was ordered so as to promote the purposes and objects thereof." *Garland v. American Family Mut. Ins. Co.*, 458 S.W.2d 889, 891 (Mo.App.1970). Second, the purpose of the Rule was to avoid piecemeal adjudication of spouses' claims for personal injury and loss of consortium. *Id.* Third, Rule 66.01 and Rule 67.01 are to be construed in harmony together. *State ex rel. Keeling v. Randall*, 386 S.W.2d 67, 68 (Mo.1964). Fourth, rules of civil procedure are to be liberally construed to promote justice and to minimize the number of cases disposed on technical grounds. *Gray v. White*, 26 S.W.3d 806, 815 (Mo.App. E.D.1999).

Rule 66.01 provides for the mandatory consolidation of spouses' claims to avoid the evil of their piecemeal adjudication. Thus, it has been held that a spouse has no right to dismiss his action without prejudice "after such an order of consolidation has been made by the court *and while it remains in effect....*" *Keeling*, 386 S.W.2d at 69. (Emphasis added). Under the facts here, however, the evil of piecemeal adjudication had been entirely avoided once Husband settled his claim. Thus, further application of Rule 66.01 here could not serve the purpose and object of the Rule—to avoid piecemeal adjudication—and would instead deny justice to Dueker on technical grounds. Further, after Husband settled his claim, the order of consolidation was of no force and effect because, at that juncture, Dueker was the sole remaining plaintiff. Certainly, we would not interpret Rule 66.01's require-

ment of "enforcement in one action" to bar two consolidated plaintiffs from jointly voluntarily dismissing and refiling their causes of action even though the refiled petition would be a second action. Nor should we interpret Rule 66.01 to bar Dueker, the lone remaining plaintiff, from voluntarily dismissing and refiling her petition. This is because, in each instance, the refiled petition may be a second action, but it would nevertheless be the single action for adjudication of contested issues. Therefore, in each instance, the evil of piecemeal adjudication is absent. Thus, Rule 66.01, which was promulgated to avoid piecemeal litigation, has no further application here and Dueker retained her right to dismiss without prejudice and refile her petition under Rule 67.01. The trial court's judgment of dismissal is reversed and the cause of action is remanded to the trial court for reinstatement of Dueker's refiled petition.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.